BEFORE THE THIRD DIVISION, JANUARY 9, 1942

**No. 46800.**—Protest 63788–K of Rice & Co. Corp. (Boston).

Opinion by Cline, J.   It appeared that the warehouse entry originally covered five cases of second-hand razor blade wrapping machines.   Later three of these cases were extracted from the warehouse entry and entered by substitution on six months' bond entry.   In liquidating, this fact was overlooked and duties were assessed on the five cases.   From the stipulation of counsel it was found that the liquidation was in error and that the warehouse entry in question should have been liquidated to cover two cases only, resulting in customs duties of $610.23.   It was held that all duties in excess of that amount should be refunded.

**No. 46801.**—Protests 61363–K, etc., of H. P. Lambert Co., Inc. (Boston).

Opinion by Cline, J.   In accordance with stipulation of counsel that Wai Shan Pin is the same in all material respects as that the subject of *Oy Wo Tong Co.* v. *United States* (5 Cust. Ct. 70, C. D. 372) the merchandise was held dutiable as drugs advanced in value at 10 percent under paragraph 34 as claimed.

**No. 46802.**—Protest 959600–G of Bullocks, Inc. (Los Angeles).

Opinion by Cline, J.   The case was submitted on the official papers.   The Government stated in its brief that the countervailing duty was assessed on the authority of T. D. 47475.   It appeared that the collector assessed duty upon the entered value, which included the amount of the British drawback, in accordance with section 303, Tariff Act of 1930.   It was found that inasmuch as the importer had added to the value of the goods the amount of the drawback, the collector was bound under the statute to assess duty upon such value.   It further appeared that the British drawback on silk fabrics was held to be a bounty within the meaning of section 303 in *Gray* v. *United States* (T. D. 48679).   Following *Huber* v. *United States* (T. D. 48721), which the court found to be on all fours with the case in question, the protest was overruled.

**No. 46803.**—Protest 951911–G of Jos. Dixon Crucible Co. (New York).

Opinion by Keefe, J.   In accordance with stipulation of counsel that the merchandise consists of amorphous graphite of the same character as that the subject of *Starkey* v. *United States* (6 Cust. Ct. 118, C. D. 444) the claim at 10 percent under paragraph 213 was sustained.